ORIGINAL
FILED
AUG -8 AM 10: 47
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE BREWSTER
Regional Solicitor
DAVID M. KAHN
Counsel for ESA Programs
**NORMAN E. GARCIA**
Trial Attorney
California State Bar Number 215626
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3700
San Francisco, California 94103
Telephone: (415) 625-7747
Facsimile: (415) 625-7772
email: garcia.norman@dol.gov

Attorneys for Plaintiff, Elaine L. Chao, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

C 07 4063

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL POLITO, an individual dba TRI VALLEY CONSTRUCTION COMPANY and TRI VALLEY CONSTRUCTION COMPANY, INCORPORATED, a corporation, <br><br> Defendants. | Case No.: <br><br> **BZ** <br> COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

1.  Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **MICHAEL POLITO, an individual dba TRI VALLEY CONSTRUCTION COMPANY** and **TRI VALLEY CONSTRUCTION COMPANY, INCORPORATED, a corporation** (collectively "Defendants"), from violating the provisions of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201, *et seq.*, hereinafter called the Act, pursuant to section 17 of the Act, 29 U.S.C. § 217; and to recover

*Complaint for Violations of the FLSA*                     1

1  overtime compensation owing to defendants' employees, together with an equal amount as
2  liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).
3      2.   Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of
4  the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.
5      3.   Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b)
6  as a substantial part of the events giving rise to the claim occurred in and around the San
7  Francisco Bay Area in California.
8      4.   (a)   Defendant **MICHAEL POLITO, an individual doing business as TRI**
9  **VALLEY CONSTRUCTION COMPANY**, resides in California, and at all times material
10 hereto was engaged in the operation of providing construction services and in the performance of
11 related types of activities in relation to the employees referenced below and listed by name in the
12 attached Exhibit A. When Defendant **MICHAEL POLITO** did business as Tri Valley
13 Construction Company, he had an office and a place of business located at 76 Wright Brothers
14 Avenue, Livermore, California, within the jurisdiction of this court.
15      (b)   Defendant, **TRI VALLEY CONSTRUCTION COMPANY,**
16 **INCORPORATED,** is and at all times hereinafter mentioned was a corporation with an office
17 and a place of business at 76 Wright Brothers Avenue, Livermore, California, within the
18 jurisdiction of this court, and is and at all times hereinafter mentioned was engaged in the
19 operation of providing construction services and in the performance of related types of activities.
20 Defendant **TRI VALLEY CONSTRUCTION COMPANY, INCORPORATED** is named as a
21 defendant because, based on information and belief, it is believed to have successor liability to
22 Tri Valley Construction Company when **MICHAEL POLITO, an individual dba TRI**
23 **VALLEY CONSTRUCTION COMPANY,** incorporated his business in May 2006.
24      5.   Defendants, at all time material hereto, have employed employees in and about
25 the aforesaid place of business in the State of California in producing, handling, or working on

*Complaint for Violations of the FLSA*                2

1  goods, a substantial portion of which was being shipped, delivered, distributed, transmitted or
2  sold to or from places outside the State of California or was being shipped, delivered, distributed,
3  transmitted or sold with knowledge or reason to believe that shipment, delivery, distribution,
4  transmission or sale to or from places outside the State of California was intended. Said
5  employees, by reason of their employment as aforesaid, are engaged in commerce or in the
6  production of goods for commerce within the meaning of the Act.

7  6. Defendant **MICHAEL POLITO's business, TRI VALLEY
8  CONSTRUCTION COMPANY,** is and at all times hereinafter mentioned was engaged in
9  related activities performed through unified operation or common control for a common business
10 purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of
11 section 3(r) of the Act, 29 U.S.C. § 203(r).

12 7. Defendant **MICHAEL POLITO's business, TRI VALLEY
13 CONSTRUCTION COMPANY,** at all times hereinafter mentioned was an enterprise engaged
14 in commerce or in the production of goods for commerce within the meaning of sections
15 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter
16 mentioned had employees engaged in commerce or in the production of goods for commerce, or
17 employees handling, selling, or otherwise working on goods or materials that have been moved
18 in or produced for commerce by any person and in that said enterprise has and has had an annual
19 gross volume of sales made or business done of not less than $500,000.

20 8. Defendant **MICHAEL POLITO, an individual doing business as TRI
21 VALLEY CONSTRUCTION COMPANY,** has repeatedly violated the provisions of sections 7
22 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing many of his employees
23 who in workweeks were engaged in commerce or in the production of goods for commerce, or
24 who were employed in an enterprise engaged in commerce or in the production of goods for
25 commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours

1 | without compensating said employees for their employment in excess of forty hours per week
2 | during such workweeks at rates not less than one and one-half times the regular rate at which
3 | they were employed.

4 |     10.    Defendant **MICHAEL POLITO, an individual doing business as TRI
5 | VALLEY CONSTRUCTION COMPANY,** an employer subject to the provisions of the Act,
6 | repeatedly has violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§
7 | 211(c) and 215(a)(5), in that he failed to make, keep, and preserve adequate and accurate records
8 | of employees and the wages, hours and other conditions and practices of employment maintained
9 | by him as prescribed by regulations duly issued pursuant to authority granted in the Act and
10 | found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other
11 | things, the hours worked each workday with respect to many employees.

12 |     11.    During the period since March 31, 2004, Defendant **MICHAEL POLITO, an
13 | individual doing business as TRI VALLEY CONSTRUCTION COMPANY,** has willfully
14 | and repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and
15 | restrains such violations and includes the restraint of any withholding of payment of unpaid
16 | overtime compensation found by the court to be due to present and former employees under the
17 | Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

18 |     **WHEREFORE,** cause having been shown, plaintiff prays for a judgment against
19 | defendants as follows:

20 |     (a)    For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently
21 | enjoining and restraining Defendants, their officers, agents, servants, employees, and those
22 | persons in active concert or participation with them from prospectively violating the provisions
23 | of section 15 of the Act, 29 U.S.C. § 215; and

24 |     (b)    For an Order:

25 |

*Complaint for Violations of the FLSA*        4

1  (1) pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation due his employees and for liquidated damages equal in amount to the unpaid compensation found due his employees listed in the attached Exhibit A since March 31, 2004 and thereafter (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

(2) pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants their officers, agents, servants, employees and those persons in active concert or participation with them, from withholding payment of unpaid back wages found to be due their employees since March 31, 2004 and thereafter and pre-judgment interest at an appropriate interest rate;

(c) For an Order awarding plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: August 8, 2007

JONATHAN L. SNARE
Acting Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DAVID M. KAHN
Counsel for ESA Programs

By: *Norman E. Garcia*
NORMAN E. GARCIA
Trial Attorney

UNITED STATES
DEPARTMENT OF LABOR
Attorneys for the Plaintiff