LAWRENCE BREWSTER
Regional Solicitor
DAVID M. KAHN
Counsel for ESA Programs
**NORMAN E. GARCIA**
Trial Attorney
California State Bar Number 215626
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3700
San Francisco, California 94103
Telephone: (415) 625-7747
Facsimile: (415) 625-7772
email: garcia.norman@dol.gov

Attorneys for Plaintiff, Elaine L. Chao, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL POLITO, an individual dba TRI VALLEY CONSTRUCTION COMPANY and TRI VALLEY CONSTRUCTION COMPANY, INCORPORATED, a corporation, <br><br> Defendants. | Case No.: C 07-4063 CRB BZ <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

Now Come Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor ("the Secretary"), and Defendants, **MICHAEL POLITO, an individual dba TRI VALLEY CONSTRUCTION COMPANY** and **TRI VALLEY CONSTRUCTION COMPANY, INCORPORATED, a corporation** (collectively "Defendants"), and pursuant to the Court's August 22, 2007, Order, the Standing Order for

All Judges of the Northern District of California for Contents of Joint Case Management Statement and Federal Rules of Civil Procedure Rule 26(f), met on November 1, 2007, to discuss a discovery plan and hereby submit this Joint Case Management Statement.

1. **Jurisdiction and Service**: Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as Amended (hereinafter called "the Act"), 29 U.S.C. § 201, *et seq.*, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345. There are no issues regarding personal jurisdiction or venue. All Defendants have executed a Waiver of Service of Summons.

2. **Facts**:

   A. <u>Fact Chronology</u>:

   1) Defendant Michael Polito, an individual doing business as Tri Valley Construction Company, was engaged in the operation of providing construction services and in the performance of related types of activities.

   2) Defendant Michael Polito, an individual doing business as Tri Valley Construction Company, from March 31, 2004 to March 30, 2006:

   a) employed employees in and about the San Francisco-Oakland Bay Area who produced, handled, or worked on goods, a substantial portion of which were shipped, delivered, distributed, or transmitted from places outside the State of California. Said employees, by reason of their employment as aforesaid, were engaged in commerce or in the production of goods for commerce within the meaning of the Act;

   b) failed to make, keep, and preserve adequate and accurate records of employees' wages, hours and other conditions and practices of employment maintained by him such that the number of hours worked were not accurately identified or maintained;

1              c)    multiplied the hours worked over 40 in a work week by 2/3
2   hours so that his employees, when paid time a half for these resulting 2/3's, ended up
3   receiving only straight time for all hours worked in excess of 40 in a work week; and
4              d)    failed to pay his employees one and one-half times their rate
5   of pay for all hours worked in excess of 40 hours in a work week.
6         3)    Defendant Michael Polito filed articles of Incorporation, for Tri
7   Valley Construction Company, Incorporated in May of 2006 and this corporation
8   commenced operations on January 1, 2007. Tri Valley Construction Company,
9   Incorporated, was a successor in interest and a successor of liability to Michael Polito, an
10  individual doing business as Tri Valley Construction Company.
11       B.    Principal Factual Issues in Dispute:
12         1)    The number of hours Defendant Michael Polito's employees worked
13  in a week.
14         2)    The amount of back wages Defendants owed the employees listed in
15  Exhibit A to the complaint.
16  3.   **Legal Issues**:
17         1)    The amount of liquidated damages Defendants owe.
18         2)    Whether Michael Polito's actions in paragraph 2.A.2)d) were willful
19  under the Act.
20  4.   **Motions**: There are no pending motions. The prior motions only concerned
21  administrative matters.
22  5.   **Amendment of the Pleadings**: With the exception of a possible amendment to
23  Exhibit A referenced in the complaint for additional employees discovered during
24  discovery, the parties do not expect any amendments to the pleadings. The proposed
25  deadline for amending the pleadings is May 1, 2008.

6. **Evidence Preservation**: Defendants have stopped their document-destruction program for all payroll related records (e.g., the payroll records themselves, practices and procedures for administering their payroll, calculating the number of hours worked, calculating the amount of overtime wages due, etc.) related to the March 31, 2004, to March 30, 2006, time period.

7. **Disclosures**: All parties have fully and timely complied with the requirements of Rule 26(a) of the Federal Rules of Civil Procedure. The parties made a disclosure of (1) witnesses likely to have discoverable information; (2) documents the disclosing party may use to support his claims or defenses; (3) computation of damages (The Secretary only); and (4) insurance agreement (Defendant only) on November 19, 2007.

8. **Discovery**:

    A.    <u>Discovery conducted to date</u>: None.

    B.    <u>Modifications of discovery rules</u>: Each party will be permitted to propound 50 interrogatories. Otherwise, there are no modifications.

    C.    <u>Proposed Rule 26(f) discovery plan</u>:

        1)    <u>Modifications to Rule 26(a) requirements</u>: None.

        2)    <u>Subjects of Discovery</u>: FLSA coverage, Defendants payroll practices, Defendants' wage payments or lack thereof, Defendants' record keeping practices, Defendants' record keeping, Defendants knowledge of the FLSA and their obligations for paying overtime and record keeping, Defendants communications with their employees and The Secretary, liquidated damages, back wage damages for failure to pay overtime.

        3)    <u>Discovery cut-off date</u>: Discovery shall be completed by August 1, 2008.

| | | |
|---|---|---|
|  | 4) | Electronic issues: None. |
|  | 5) | Privilege issues: Privilege claims, depending on the privilege, can be challenged in a motion to compel. |
|  | 6) | Modifications of discovery rules: Each party will be permitted to propound 50 interrogatories. Otherwise, there are no modifications. |

9.  Class Actions: Not Applicable.

10. Related Cases: There are currently no related cases filed as of this date. However, The Secretary will be filing an Order of Reference with the Office of Administrative Law Judges of the United States Department of Labor for civil money penalties related to the overtime violations identified in this lawsuit and for civil money penalties for a violation of the child labor provisions of the Act.

11. Relief: The Secretary is seeking: (1) a court order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act, 29 U.S.C. § 215; (2) a court order pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation due his employees (currently $103,976.28) and for an equal amount of liquidated damages (currently $103,976.28) found due their employees (The Secretary notes that these amounts may increase should the Secretary find additional violations through the discovery process.); (3) in the event liquidated damages are not awarded, a court order pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants their officers, agents, servants, employees and those persons in active concert or participation with them, from withholding payment of unpaid back wages found to be due their employees since March 31, 2004 and thereafter and pre-judgment interest at an appropriate interest rate; (4) a

court order awarding the Secretary the costs of this action; and (5) a court order granting such other and further relief as may be necessary or appropriate. The Secretary calculated $103,976.28 in back wage damages by multiplying the number of hours that Defendants' employees worked over 40 hours in a work week by one and one-half times the employee's hourly wage rate and subtracted the amount of wages these employees actually were paid for those work weeks. Defendants dispute the amount of back wages due and have determined that approximately $70,000 in back wages are due for unpaid overtime.

12. <u>Settlement and ADR</u>: Prospects for settlement are questionable. The Secretary made a settlement offer in May 2007 that it subsequently withdrew. Defendants made no formal rejection of this offer nor made a counter offer. The specific ADR plan for this case is for the parties to discuss settlement with a magistrate judge. The parties have filed the ADR Certification not later than November 19, 2007. There are no motions or key discovery that is necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge for All Purposes</u>: The parties do not jointly consent to a Magistrate Judge for All Purposes.

14. <u>Other References</u>: The parties do not jointly consent to binding arbitration or a special master at this time. The Judicial Panel on Multidistrict Litigation is not applicable.

15. <u>Narrowing of Issues</u>: The parties will need to conduct discovery before they will be capable of determining whether they can narrow issues through agreement.

16. <u>Expedited Schedule</u>: The parties do not feel that this is the type of case that can be handled on an expedited basis.

17. <u>Scheduling</u>: The parties propose the following dates:

    A.    Disclosure of Experts: May 1, 2008.

  B.  Discovery Cut-Off Date: August 1, 2008.

  C.  Dispositive Motion Hearing: Not later than October 1, 2008.

  D.  Pretrial Conference, exhibit and witness list exchange: November 14, 2008.

  E.  Trial: January 12-15, 19-21, 2009.

18. Trial: The case will be tried in front of the Court and is expected to last seven days.

19. Disclosure of Non-party Interested Entities or Persons: Pursuant to Civil Local Rule 3-16(a), The Secretary is not required to make this certification. The contents of Defendants' Civil Local Rule 3-16 Certification are that all interested parties and entities have been identified.

20. Other Matters that may facilitate this litigation: The parties are currently unaware of any actions that will facilitate the just, speedy and inexpensive disposition of this matter.

Dated: 11/16/07

JONATHAN L. SNARE
Acting Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DAVID M. KAHN
Counsel for ESA Programs

By: _____
NORMAN E. GARCIA
Trial Attorney

UNITED STATES
DEPARTMENT OF LABOR
Attorneys for the Secretary

Dated: 11/5/07

By: _____
WILLIAM D. THOMSON

1222 Stealth Street
Livermore, California, 94551
Tel. (925) 606-6725
Fax (925) 447-1078

Attorney for Defendants

<u>Case Management Order</u>

  The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____      _____
               Charles R. Breyer
               United States District Judge